IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03021-RBJ

REGINA FARMER,

    Plaintiff,

v.

AMREST d/b/a Applebee's, a Delaware corporation,

    Defendant.

## ORDER

Within the last two weeks the parties have filed 13 motions in limine. There are responses on file to some of them, but none of them has been fully briefed. It also does not appear that the parties have complied with the duty to confer under Local Rule 7.1A. Nevertheless, because we are on the eve of trial, I will give the parties my "quick and dirty" reaction to these motions, which is all that I am able to do.

1. [Defendant's] First Motion in Limine (Suggesting Damages) [#71]: GRANTED IN PART AND DENIED IN PART. Plaintiff will be limited by her disclosure entitled "Plaintiff's Seventh Fed. R. Civ. P. 26€ Supplemental Disclosures" [#71-3]. She can claim back and front pay calculated according to the formula disclosed ($750 per week). She can request non-economic damages, because they are not susceptible to a precise calculation. She cannot claim any value of medical, dental or vision benefits, not can she claim punitive damages.

2. Defendant's Second Motion in Limine (electronic communications) [#72]: GRANTED. Plaintiff may not use any Facebook or similar document if the entirety of the posting was not disclosed and provided to the defendant.

3. Defendant's Third Motion in Limine (stray/hearsay statements) [#73]: DENIED.

4. Defendant's Fourth Motion in Limine (comparator evidence) [#74]: DENIED.

5. Plaintiff's Motion in Limine to Exclude Plaintiff's Criminal History [#77]: GRANTED.

6. Plaintiff's Motion in Limine to Exclude Plaintiff's Personal Information Related to Children, Marriages, and Credit History [#78]: GRANTED.

The Court notes, however, that as to any motion in limine to preclude evidence, if the moving party then "opens the door" through statements of counsel or presentation of evidence on the same subject, the Court may well reconsider the order of preclusion. No evidence excluded by a ruling on a motion in limine may be alluded to in the presence of the jury without first notifying counsel and the Court, outside the presence of the jury, that the party who wishes to introduce the evidence believes that developments during the trial have created cause to reconsider the in limine ruling. As to this particular motion [#78], as with motion #77, the Court finds that the mere fact that plaintiff claims to have suffered emotional distress as a result of the termination of her employment will not be used as an excuse to introduce evidence of this nature which would create the potential of unfair prejudice substantially exceeding its marginal, if any, relevance.

7. Plaintiff's Motion in Limine to Exclude Plaintiff's Receipt of Unemployment Benefits [#79]: GRANTED.

8. Plaintiff's Motion in Limine to Exclude Plaintiff's F.R.C.P. 26(a) Disclosures and Plaintiff's F.R.C.P. 26(e) Disclosures [#80]: DENIED. I would not expect the disclosure documents themselves to be offered, nor does it appear that defendants have or had any intention to offer them. Defendants make the point that if plaintiff had conferred, as the local rule requires, this motion would likely have been unnecessary. That good point applies to counsel for both

sides. It does not appear that any serious effort was made to comply with the rule, which would ordinarily cause me to deny the motions summarily.

9. Plaintiff's Motion in Limine to Exclude Employee Affidavits…and Testimony that Ms. Farmer was "Lazy" or engaged in other misconduct which was not Known to or Relied Upon by Decision Maker, Sean O'Loughlin [#81]: DENIED. The Court is not likely to permit defendants to bolster their termination decision by presenting evidence of misconduct that was not known to or relied upon the persons who participated in that decision without strong legal and factual support. However, I do not know at this point what the decision maker or makers knew and relied on, and I will have to evaluate that based on the evidence presented at trial. I do not know whether plaintiff will call any of these witnesses or, if so, what they might say; so I cannot evaluate whether anything in the declarations might become relevant. Declarations or affidavits are not admissible, but they might be used as prior inconsistent statements to impeach inconsistent testimony, again depending upon what occurs at trial. Defendants should not in any event refer to this evidence in their opening statement unless plaintiff's counsel opens the door to it in her opening statement.

10. Plaintiff's Motion in Limine to Exclude Defendant's Exhibit 134, an Irrelevant Facebook Conversation [#82]: GRANTED. It does not appear that either party wants this entire Facebook exchange admitted. Defendant indicates that it might want to use the document or some portion of it for "impeachment," depending upon what happens at trial. If defendant decides during the trial that something in this document has become relevant for purposes of impeachment, they should notify opposing counsel and the Court outside the presence of the jury first.

11. Plaintiff's Motion in Limine to Exclude from Evidence Trial Exhibit 57 – 184 Printed Pages from the Internet [#83]: DENIED. Plaintiff did not provide a copy of the exhibit, so I have not seen it. No response has been filed, nor is there an indication that counsel have conferred, so I do not know whether defendant wishes to introduce this exhibit or on what evidentiary

basis they might rely. If these documents are to be offered to prove the truth of what they assert, e.g., that there were job openings in similar positions in this geographical area, I question how defendant would deal with the hearsay rule. However, without knowing more, I am not able or willing to rule on this issue in limine.

12. Plaintiff's Motion in Limine to Exclude from Evidence Trial Exhibits 66-77, Declarations of Custodians of Records, Purporting to Show Failure to Mitigate Damages [#84]: GRANTED. These are out of court statements offered to prove the truth of what they assert and, therefore, are excluded by the hearsay rule unless there is an applicable exception. Defendant relies in part on 28 U.S.C. § 1746. This federal statute does not speak to admissibility against a hearsay objection; it concerns when an unsworn declaration may be admissible in lieu of a sworn declaration, assuming that the declaration is otherwise admissible. Rules 803(6) and 803(7) provide exceptions with respect to the admissibility of certain business records or evidence of the absence of a matter in a record, but those rules do not permit the introduction of declarations regarding the existence or non-existence of the underlying records. If defendant wants custodians to testify that there are no records that plaintiff applied to their establishment, they will have to appear and be subject to cross examination.

13. Plaintiff's Motion to Strike Unsupported Affirmative Defenses [#89]: DENIED. There is no response to this motion, nor again any indication of compliance with the duty to confer, and the Court has no knowledge of which of the affirmative defenses, if any, will be pursued at trial or what evidence, if any, might be admitted that might support any affirmative defense. Unfortunately, defense attorneys often list myriad affirmative defenses in an Answer without giving much thought to whether they apply to the particular case. Frequently if the asserted affirmative defenses have not been withdrawn by the defendant or stricken by the Court, most of them are simply abandoned at trial. Certainly "failure to state a claim on which relief may be granted" is not an affirmative defense that will be presented to the jury. Whether defendant believes that it has "after-acquired evidence" that would be admissible and support

an "affirmative defense" is presently unknown to me, though I have expressed skepticism earlier in this order that defendant will be permitted to try to shore up support for its termination decision by introducing evidence about conduct that was not a factor in the termination decision. I am not aware that "good faith efforts to comply with the law" if race was a motivating factor in the termination decision; I will need to see what facts and law the defendant has on that if defendant wishes to pursue it. I would be surprised to learn that defendant wants to take the position, even in the alternative, that "even if we discriminated, we would have terminated her anyway for other reasons." In any event, I need to know what defendant's position is, and what the evidence and possibly the law is as to some of these purported defenses, and I am not in a position to make those determinations in limine.

DATED this 26th day of October, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge